**This order is SIGNED.**

**Dated: February 28, 2018**



**WILLIAM T. THURMAN
U.S. Bankruptcy Judge**



### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Sonia Ordonez,<br><br>                    Debtor. | Bankruptcy Number: **10-37596**<br><br>Chapter 7<br><br>Hon. William T. Thurman |

**MEMORANDUM DECISION REGARDING THE DEBTOR'S EMERGENCY MOTION
TO STAY PENDING APPEAL**

The matter before the Court is the Debtor's Emergency Motion to Stay Pending Appeal (the "Motion to Stay"), which seeks to halt further administration of this bankruptcy case while appeals are taken from two previous orders of this Court. ABM Aviation, Inc. ("ABM") filed a memorandum in opposition to the Motion to Stay. The Trustee has joined in ABM's opposition to the Motion to Stay.

The Court scheduled a hearing on both matters on February 21, 2018, which was continued to February 23, 2018 at the Court's request, and then continued to February 26, 2018 at the Debtor's request. Mark Rose appeared on behalf of the chapter 7 trustee, Stephen Rupp (the "Trustee"). George Hofmann appeared on behalf of ABM Aviation, Inc. ("ABM") a

successor to Air Serv Corporation, the defendant in an employment discrimination lawsuit that had been prosecuted by the Debtor in United States District Court. ABM has purchased a claim in the Debtor's bankruptcy case and is now a creditor. Sonia Ordonez (the "Debtor") appeared pro se.

After review of the pleadings and other court papers filed, and based upon the oral arguments made by the parties at the hearing, the Court issues this memorandum decision, which constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52, made applicable to this matter by Federal Rule of Bankruptcy Procedure 9014(c).

## I.    Jurisdiction, Venue and Notice

The jurisdiction of this Court is properly invoked under 28 U.S. C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final order. Venue is proper under the provisions of 28 U.S.C. §§ 1408 and 1409.

The Motion to Stay was scheduled on shortened time at the Debtor's request. While the Debtor's motion to shorten time and accompanying order did not contain all of the information typically required by the Court,[1] the Court elected, in its discretion, to allow the time to be shortened and scheduled a hearing for February 21, 2018, which was continued to February 23, 2018 at the Court's request. At the hearing on February 23, the Debtor requested a short continuance to February 26, 2018 to allow her time to file another document. This request was granted. The parties who have actively participated in this case, the Trustee and ABM, were contacted by phone and email. No objections have been filed about shortening the time on the Motion to Stay. The Court finds that notice of the hearing on the Motion to Stay is adequate in all respects.

---

[1] *See* Local Rule 9013-1(m).

2

**II.     Facts and Procedural History**

The Debtor filed a voluntary chapter 7 petition on December 21, 2010. On January 24, 2013, the Debtor filed a lawsuit against her former employer in the United States District Court, (the "District Court") in which she alleged racial discrimination and sexual harassment, and made a claim for compensatory, emotional, economic and punitive damages, with the amounts to be proven later (the "Lawsuit") based on events that occurred before the bankruptcy was filed. The Debtor's bankruptcy case was closed on March 19, 2014.

More than three years later, on June 19, 2017, the Debtor filed a motion to reopen her bankruptcy case in order to list the Lawsuit as an asset in her case which was granted. Thereafter, the Debtor prosecuted an unsuccessful motion to convert her case to one under chapter 13, which the Court denied.[2] The Debtor filed a motion to reconsider the order denying the motion to convert the case to one under chapter 13. The Court denied that motion to reconsider.[3] The Debtor has appealed the Order Denying the Motion to Reconsider to the Tenth Circuit Bankruptcy Appellate Panel.

The Lawsuit (or rather the claim of the Debtor against ABM for a monetary award) was thus included in the chapter 7 bankruptcy case as property of the estate. The District Court dismissed her Lawsuit on October 30, 2017. The Debtor has appealed that dismissal to the Tenth Circuit Court of Appeals. After the dismissal, the Trustee entered into a settlement agreement with ABM to resolve any and all claims which the Debtor may have against ABM, including the Lawsuit, for a payment of $30,500. This amount was calculated to be for payment in full of all

---

[2] *See* Order Denying Motion to Convert Case to Chapter 13 at Dkt. No. 75.
[3] *See* Order Denying Motion to Reconsider at Dkt. No. 92.

administrative claims and all other allowed claims. This Court approved that settlement.[4] The Debtor has appealed the Order Granting Motion to Approve Settlement to the Tenth Circuit Bankruptcy Appellate Panel (the "BAP"). The settlement funds have been tendered to the Trustee.

The bankruptcy appeals on both orders are pending at the present time.

The bankruptcy case has remained open and continued its activity after the appeals were filed. The Trustee has filed a Trustee's Final Report, which proposes to distribute the settlement money to pay the administrative expenses of the estate and to pay the Debtor's unsecured creditors in full satisfaction of their allowed claims. The debtor has objected to the report which is treated in a separate ruling.

The Debtor has requested that approval of the Trustee's Final Report and all other case activity be stayed until the appeals have been resolved.

## III. Discussion

In any motion for a stay pending appeal, the appellant must meet certain standards. The four standards applied to such a motion for a stay pending appeal are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[5]

The United States Supreme Court has also noted the first two factors of this test are the most critical. It is not enough that the chance of success on the merits is better than negligible.

---

[4] *See* Order Granting Motion to Approve Settlement at Dkt. No. 91.
[5] *Nken v. Holder*, 556 U.S. 418, 434 (2009).

4

More than a mere possibility of relief is required.[6] "By the same token, simply showing some 'possibility of irreparable injury' fails to satisfy the second factor."[7] The injury must be more than a possibility, and even the presence of injury may not stay the appeal. A stay pending appeal "is not a matter of right, even if irreparable injury might otherwise result."[8] As a Supreme Court case, the standards of the *Nken v. Holder* case are binding in the tenth circuit.[9] These are the standards this Court will apply when considering the Debtor's Motion to Stay.

The party requesting the stay "bears the burden of showing that the circumstances justify an exercise of that discretion."[10] This burden requires more than unsupported assertions of irreparable harm, or the possibility of prevailing on appeal. The Court will consider the four factors in turn.

The Debtor has filed a Motion to Stay, a reply[11] to ABM's opposition to the Motion to Stay (the "Debtor's First Reply"), and a second reply that responds again to ABM's opposition to the stay pending appeal, and also contains argument against approving the Trustee's Final Report (the "Debtor's Second Reply").[12] The Court will consider her statements in all three documents and the arguments of ABM in evaluating the factors.

### A. A strong showing that the applicant is likely to succeed on the merits

The first factor is whether the stay applicant has made a strong showing that she is likely to succeed on the merits on the appeal. The Debtor's Motion to Stay is a two page document

---

[6] *See id.*
[7] *Id.* (internal citation omitted).
[8] *Id.* at 438 (quoting *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926)).
[9] *See generally In re Lang,* 414 F.3d 1191 (10th Cir. 2005); *KSTU, LLC v. Aereo, Inc.*, 2014 WL 1687749 (10th Cir. Mar. 7, 2014) (unpublished opinion).
[10] *Nken v. Holder*, at 433-34.
[11] Reply to the Objection of Debtor's Emergency Opposition for Stay Pending Appeal & Notice of Hearing, filed at Dkt. No. 134 on Feb. 20, 2018.
[12] Debtor's Reply to the Opposition for Stay Pending Appeal & Final Report, filed at Dkt. No. 139 on Feb. 26, 2018.

requesting a stay while her appeals are considered, with one reference to Bankruptcy Rule 8007, but no other citations to law or supporting facts. The Debtor's First Reply summarizes the history of the Lawsuit in the District Court and the proceedings in this Court. She raises the same issues previously raised in her original objection to the Settlement Agreement, and in her original Motion to Reconsider. These issues have been considered by this Court, and not without sympathy to the Debtor. The Debtor feels very strongly about these events, which the Court respects.

The Debtor's Second Reply contains an argument that judicial estoppel should not be applied to a case in which the inconsistent positions allegedly taken by the Debtor were the result of inadvertence or mistake. While this Court has read that argument, it must point out that the appeal concerning the judicial estoppel lies in the District Court. This Court has not made a ruling based on judicial estoppel, and it does not have jurisdiction to evaluate whether or not the Debtor has shown a likelihood of success on the merits of her appeal in the District Court. The matters at issue in the Lawsuit, such as the allegations of sexual harassment and racial discrimination have been dealt with by the District Court.  The Debtor's hope and goal is to regain ownership and control of the Lawsuit, but the issues and events raised by the Debtor do not rise to the level of showing a strong chance of success on the merits of either appeal from this Court.

Treating the two bankruptcy appeals separately at this point, the Debtor has not shown a likelihood of prevailing in the appeal of the Order Denying the Motion to Reconsider. Her arguments in the Debtor's First Reply were considered and rejected by this Court twice – once at

6

the original hearing on the motion to convert her case,[13] and a second time when considering her Motion to Reconsider,[14] which the court relies upon here and readopts. Her Motion to Stay does not raise any new arguments or evidence that show a strong likelihood that the Order Denying the Motion to Reconsider will be reversed on appeal. The BAP or the Circuit may reverse this Court, and this Court will respect any decision handed down by them, but this Court just does not see that the Debtor has made a compelling showing of prevailing on this appeal.

The Debtor has also not shown a likelihood of success in her appeal of this Court's Order Approving the Settlement Agreement. "Appellate courts have held that a bankruptcy court's approval of a compromise must be affirmed unless the court's determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data."[15] In the Debtor's Second Reply, she states that the Order Approving the Settlement Agreement should be reversed because the settlement payment to the bankruptcy estate was too low. She states that the Trustee's proposal was "ridiculously low," representing only 4% of its actual value, and this was an abuse of discretion. The Court takes judicial notice of the fact that the settlement amount was $30,500.00. This was enough to pay all of the Debtor's creditors in full, and pay the administrative expenses of the estate.[16] The Court also notes that Ms. Ordonez filed an objection to the motion to approve the settlement agreement,[17] and a hearing was held on the matter before a written decision was entered. The Debtor's objection and oral argument focused on the nature

---

[13] *See* Order Denying Motion to Convert Case to Chapter 13 at Dkt. No. 75 and accompanying Memorandum Decision at Dkt. No. 74.
[14] *See* Order Denying Motion to Reconsider at Dkt. No. 92.
[15] *In re Dennett*, 449 B.R. 139, 144 (Bankr. D. Utah 2011); *see also* the cases cited therein.
[16] *See* Trustee's Final Report, Docket. No. 188 filed on Jan. 26, 2018, showing a distribution to unsecured creditors totaling $14,163.55 and payment of administrative expenses of $16,336.45.
[17] Objection to Notice of Motion for Approval of Settlement Agreement, Docket No. 88 filed on Dec. 5, 2017.

7

of the claims underlying the Lawsuit, and she did not raise an objection to the amount of the settlement at that time.

The Debtor also states that the low amount of the settlement payment violated her constitutional rights, with a reference to the Fifth Amendment's statement that no person "shall be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." The Debtor's legal claims in the Lawsuit are property. When she filed bankruptcy, those legal claims became part of the bankruptcy estate, along with all other "legal or equitable interests of the debtor in property."[18] This transfer of the Debtor's property into the bankruptcy estate is done by operation of law, specifically the Bankruptcy Code. In addition, the Court has conducted several hearings, read multiple documents filed by the Debtor, and heard oral argument before deciding the matter of whether the Debtor owns her legal claims, or whether those legal claims are owned by the bankruptcy estate. This included analysis of whether the legal claims were exempt from the bankruptcy estate, or had been abandoned.[19] The Court finds that the Debtor has been afforded due process of law. These legal claims have not been taken for public use, but are being used to pay the Debtor's creditors, and the administrative claims of the Debtor's bankruptcy estate. Thus, the Court concludes that there has not been a constitutional violation.

To the extent that the Debtor's arguments mix the claims before the District Court with the matters before the Bankruptcy Court, it should be noted that this Court's analysis is separate and apart from the issues raised in the District Court regarding the Lawsuit. The grounds that the District Court relied on for dismissal of the Lawsuit, i.e. judicial estoppel, appear to be the law of

---

[18] § 541(a)(1).
[19] *See* Order Denying Motion to Convert Case to Chapter 13 at Dkt. No. 75 and accompanying Memorandum Decision at Dkt. No. 74.

8

this circuit. However, the test of the sufficiency of that court's ruling must be left to the circuit court. The Order Approving Settlement, which the Debtor appealed, allowed the Trustee to settle with ABM and receive enough funds to pay all claims in full now. In one aspect, the Court found that the Trustee's proposed settlement was better for creditors than the Debtor's proposal to convert her case to a chapter 13 case and pay her creditors over some unspecified amount of time in unspecified amounts of payments. If the Motion to Stay had been made in the district court case, it may have been a more compelling argument. As stated elsewhere in this ruling, this Court did not dismiss her Lawsuit. Accordingly, most of her arguments in the Motion to Stay appear more appropriately directed to that matter over which this Court has no jurisdiction.

The majority of the Debtor's arguments in the Motion to Stay and both of her replies focus on the claims underlying the Lawsuit, which was heard in the District Court. This approach does not meet the standards the appellate court would need to consider in order to reverse this Court on appeal. Further, the claim for redress against the Debtor's former employer cannot ignore that these claims were property of the bankruptcy estate, and subject to the administration by a chapter 7 Trustee only. A Lawsuit, regardless of its basis, unless exempt, which this is not, is property of the bankruptcy estate and can only be administered by the Trustee.

This Court determined that the Trustee had met his burden under the Kopexa Realty case[20] standard when it approved the settlement. Those standards again are: First, does the Trustee (standing in the shoes of the Debtor) have a good case against ABM that should be prosecuted or should it be settled now. This Court found that the Trustee met his burden on this first factor. Second, on the issue of whether any potential judgement would collectable if the Trustee was successful in pursuing the claims in the Lawsuit, the Court found that such was a

---

[20] *In re Kopexa Realty Venture*, 213 B.R. 1020 (10th Cir. BAP 1997).

neutral factor. Third, as to the costs to continue and the Lawsuit and its complexity, the Court found that there would be considerable expense and that the issues were very complex. Fourth, as to the interests of creditors, the Court found that a full payment of all of the allowed claims plus payment in full of all administrative claims now was in the best interest of creditors, after considering the objection of the Debtor.[21]

Accordingly, the Court finds that the Debtor has not shown a likelihood that she will prevail in the appeal of the Order Granting Motion To Approve Settlement Agreement or the appeal of the Order Denying Motion to Reconsider. Thus, this first factor weighs against granting the Motion to Stay.

### B.  Whether the applicant will be irreparably injured absent a stay

The second factor is whether the applicant will be irreparably injured absent a stay. In the Debtor's Second Reply, she describes the irreparable injury, but it is based on the claims in the Lawsuit itself. The Debtor alleges she has suffered harm when ABM retaliated against her after she reported incidents of sexual harassment, and this has caused her ongoing suffering. This Court does not have jurisdiction over those allegations. The Court deems the Debtor's arguments as applicable to both appeals.

The Debtor has not shown any injury that would take place absent a stay of her bankruptcy case while she prosecutes the appeals of the bankruptcy orders. The injuries she describes are connected to the Lawsuit. While it is apparent from her statements during the hearing that the Debtor believes the injury from this Court's denial of her Motion to Stay will be the loss of her ability to prosecute the Lawsuit, the Debtor does not connect that harm to the Court's approval of the Trustee's Final Report, or other further administration of the bankruptcy

---

[21] *See* Order Granting Motion to Approve Settlement Agreement at Dkt. No. 91.

estate. There is some overlap between the Lawsuit and her bankruptcy case, however, the Debtor has not carried her burden to show that an irreparable injury will take place in the absence of a stay. This factor weighs against granting the Motion to Stay.

### C. Whether a stay will substantially injure the other parties in the proceeding

The third factor is whether issuance of the stay will substantially injure the other parties interested in the proceeding. The other parties in this proceeding are the Trustee and the creditors. ABM, a creditor, is also a party in interest as the defendant in the Lawsuit. A bankruptcy court is bound to consider the interests of the creditors, albeit an acquired claim, in administering the estate. In the Debtor's Second Reply, she asserts that creditors have been able to recover their losses through taxes or some other way, and so do not stand to lose anything. She does not support that assertion. The Court is placed in a position of having to guess as to the Debtor's argument here. Regardless, the Court does not have any specific evidence about how the Debtor's creditors treated their loss for tax purposes when the Debtor received her discharge, and so cannot conclude that creditors are not harmed if they do not receive full payment of their claims based on this argument of the Debtor.

As the case stands now, creditors are set to receive immediate payment of 100% of their claims. To delay payment is to harm the creditors. A delay may also increase the administrative costs to the estate, as the Trustee will need to continue to administer this case. Because there is no further money coming into the estate, any increase in administrative expenses would reduce the amount available to distribute to creditors.

The Court finds that the other parties interested in this proceeding would be harmed by the stay. This factor weighs against granting the Motion to Stay.

### D. Where the public interest lies

The fourth factor is the public interest. As a bankruptcy court, this Court must consider the public's interest in the prompt and expeditious administration of the bankruptcy estate. Staying this case pending appeal would not advance those interests.

On the other hand, the Debtor raises the strong public interest in preventing sexual harassment in places of employment, especially to protect those who are earning lower wages and may be speaking English as a second language. The Debtor again seems to be arguing the merits of the Lawsuit.  Even considering them, the Court finds that there are competing public interests, and to coin a sporting phrase, they almost offset each other. As a result, this factor does not strongly factor in the Court's consideration of the Motion to Stay.

**IV.    Conclusion**

Accordingly, based on a totality of circumstances and for the reasons stated above, the Court determines that the Debtor's Motion to Stay should be DENIED, the Debtor not meeting her burden to show that such should be granted.

The Court will enter the Order.


-----------------------------------END OF DOCUMENT------------------------------------

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **MEMORANDUM DECISION ON THE DEBTOR'S EMERGENCY MOTION TO STAY PENDING APPEAL AND THE DEBTOR'S OBJECTION TO THE TRUSTEE'S FINAL REPORT** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

Stephen Rupp tr    rupptrustee@mbt-law.com

Mark Rose    mrose@mbt-law.com

George Hoffman

United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Sonia Ordonez
406 East Broadway, #150
Salt Lake City, UT 84111