**This order is SIGNED.**



**Dated: February 28, 2018**

**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

In re:

Sonia Ordonez,

                                        Debtor.

Bankruptcy Number: **10-37596**

Chapter 7

Hon. William T. Thurman

## MEMORANDUM DECISION REGARDING THE DEBTOR'S OBJECTION TO THE TRUSTEE'S FINAL REPORT

The Trustee's Final Report was filed on January 26, 2018. The Debtor filed an objection thereto. This decision follows. The Court scheduled a hearing on this matter for February 21, 2018, which was continued to February 23, 2018 and then to February 26, 2018. Mark Rose appeared on behalf of the chapter 7 trustee, Stephen Rupp (the "Trustee"). George Hofmann appeared on behalf of ABM Aviation, Inc. ("ABM") a successor to Air Serv Corporation, the defendant in an employment discrimination lawsuit that had been prosecuted by the Debtor in United States District Court. ABM has purchased a claim in the Debtor's bankruptcy case and is now a creditor. Sonia Ordonez (the "Debtor") appeared pro se.

After review of the pleadings and other court papers filed, and based upon the oral

arguments made by the parties at the hearing, the Court issues this memorandum decision, which

constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil

Procedure 52, made applicable to this matter by Federal Rule of Bankruptcy Procedure 9014(c).

## I.    Jurisdiction, Venue and Notice

The jurisdiction of this Court is properly invoked under 28 U.S. C. § 1334. This is a core

proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and this Court may enter a final

order. Venue is proper under the provisions of 28 U.S.C. §§ 1408 and 1409.

The Debtor first argues that the report should not be approved due to inadequate notice to

her. The Debtor has stated that she did not receive notice of the documents filed by the Trustee in

January. These documents are the Trustee's Final Report, the accompanying applications for

compensation, and the notice of the Trustee's Final Report. The Court takes judicial notice of the

Certificate of Service docketed at Docket No. 120 on Jan. 31, 2018, in which the Bankruptcy

Noticing Center certifies that it sent notice to the Debtor at 406 East Broadway #150, Salt Lake

City, UT 84111-2607. This is the Debtor's mailing address on the Court's docket, and she

verbally affirmed at the hearing that this address is correct. "The rule is well settled that proof

that a letter properly directed was placed in a post office creates a presumption that it reached its

destination in usual time and was actually received by the person to whom it was addressed."[1]

The Court emphasizes that it was the Bankruptcy Noticing Center used by the Court that sent

notice to the Debtor, not the Trustee. The Certificate of Service from the Bankruptcy Noticing

Center shows that the debtor received notice in the U.S. mail at her current address. Any

allegations that the Trustee may have deliberately not provided proper notice to the Debtor have

---

[1] *Hagner v. United States*, 285 U.S. 427, 430 (1932).

2

not been proven. In addition, the Court extended the time for filing an objection to the Trustee's

Final Report in response to the Debtor's request. The extension of time to file an objection

eliminated any prejudice the Debtor may have been under if she did not receive notice timely.

In addition, at the hearing conducted on February 23, 2018, the Debtor orally requested

another continuance to allow her to file another written argument with exhibits. The Court

granted the Debtor's request and continued the hearing to February 26, 2018.

Accordingly, the Court finds notice of the hearing to be adequate in all respects.

## II.    Facts and Procedural History

The Debtor filed a voluntary chapter 7 petition on December 21, 2010. On January 24,

2013, the Debtor filed a lawsuit against her former employer in the United States District Court,

(the "District Court") in which she alleged racial discrimination and sexual harassment, and

made a claim for compensatory, emotional, economic and punitive damages, with the amounts to

be proven later (the "Lawsuit") based on events that occurred before the bankruptcy was filed.

The Debtor's bankruptcy case was closed on March 19, 2014. Neither the Lawsuit nor the claims

relating to the Lawsuit were listed or scheduled on the Debtor's bankruptcy schedules or

Statement of Financial Affairs. No amendments to the same were filed before the case was

closed.

More than three years later, on June 19, 2017, the Debtor filed a motion to reopen her

bankruptcy case in order to list the Lawsuit as an asset in her case which was granted.

Thereafter, the Debtor prosecuted an unsuccessful motion to convert to her case to one under

chapter 13, which the Court denied.[2] The Debtor filed a motion to reconsider the order denying

the motion to convert the case to one under chapter 13. The Court denied that motion to

---

[2] *See* Order Denying Motion to Convert Case to Chapter 13 at Dkt. No. 75.

3

reconsider.[3] The Debtor has appealed the Order Denying the Motion to Reconsider to the Tenth

Circuit Bankruptcy Appellate Panel (the BAP").

The Lawsuit (or rather the claim of the Debtor against ABM for a monetary award) was

thus included in the chapter 7 bankruptcy estate as property of the estate. The District Court

dismissed her Lawsuit on October 30, 2017. The Debtor has appealed that dismissal to the Tenth

Circuit Court of Appeals. After the dismissal, the Trustee entered into a settlement agreement

with ABM to resolve any and all claims which the Debtor may have against ABM, including the

Lawsuit, for a payment of $30,500. This amount was calculated to be for payment in full of all

administrative claims and all other allowed claims. This Court approved that settlement.[4] The

Debtor has appealed the Order Granting Motion to Approve Settlement to the BAP. The

settlement funds have been tendered to the Trustee.

The appeals on both orders are pending at the present time.

The bankruptcy case has remained open and continued its activity after the appeals were

filed. The Trustee has filed a Trustee's Final Report, which proposes to distribute the settlement

money to pay the administrative expenses of the estate and to pay the Debtor's unsecured

creditors in full satisfaction of their allowed claims. The Debtor has objected to the Trustee's

Final Report.

## III.    Discussion

A trustee is required to "make a final report and file a final account of the administration

of the estate with the court and with the United States trustee."[5] The purpose of the Trustee's

final report "is to determine whether a given estate has been fully administered and whether fees

---

[3] *See* Order Denying Motion to Reconsider at Dkt. No. 92.
[4] *See* Order Granting Motion to Approve Settlement at Dkt. No. 91.
[5] 11 U.S.C. § 704(9). Unless otherwise specified, all statutory references are to Title 11 of the U.S. Code.

and expenses should be allowed to the chapter 7 trustee."[6] Once a final report has been filed by the trustee, a presumption arises that the estate has been fully administered.[7] This presumption may be rebutted. A typical objection to a trustee's final report takes issue with the assets listed therein, or the distribution of those assets.[8]

The Debtor has filed an objection to the Trustee's Final Report. The Trustee responded to the objection at the hearing. The Debtor's objection to the Trustee's Final Report does not list specific objections to amounts or items in the Final Report itself. Instead, she makes several suggestions of impropriety, which the Court will address.

The Debtor states that the Trustee did not warn her of the latest paperwork filed, and the failure to give notice was unfair and violated noticing requirements.[9] The Court assumes that the documents she is referring to are the Trustee's Final Report and accompanying documents. However, as explained above, the Court has found that notice was properly served on the Debtor by the Bankruptcy Noticing Center, and an extension of time was granted to allow her time to respond. As such, lack of notice is not grounds to sustain the Debtor's objection.

---

[6]*In re Leonis*, 2017 WL 2492528 (9th Cir. BAP 2017) (quoting *Lopez-Stubbe v. Rodriguez-Estrada (In re San Juan Hotel Corp.)*, 847 F.2d 931, 939 (1st Cir. 1988)).

[7]*See* Bankruptcy Rule 5009(a): If in a chapter 7, chapter 12, or chapter 13 case the trustee has filed a final report and final account and has certified that the estate has been fully administered, and if within 30 days no objection has been filed by the United States trustee or a party in interest, there shall be a presumption that the estate has been fully administered.

[8]*See, e.g., In re Leonis*, 2017 WL 2492528 (9th Cir. BAP 2017) (judgment creditors objected to the trustee's final report, alleging that the trustee had incorrectly described the disposition of a $15,000 cash withdrawal made by the debtor); *In re Laughlin*, 315 B.R. 592 (D. Colo. 2004) (debtors objected to the trustee's final report, claiming that the trustee had failed to address the priority claim of the IRS); *In re Muldoon*, 2009 WL 161657 (Bankr. D. Kan. 2009) (unpublished opinion) (debtor and a party in interest objected to the trustee's final report, arguing that a $41,000 payment should not be included in the estate until litigation concerning whether the $41,000 could be assigned to the bankruptcy estate had been concluded).

[9]*See* Debtor's Reply at p. 2.

The Debtor also states that there is evidence that the Trustee made multiple errors.[10] However, she does not explain what these errors are. To the extent they involve the actions surrounding the Lawsuit, the Court has already considered and ruled on these matters. In addition, no alleged errors on the Trustee's Final Report itself are specifically identified. The allegation of errors is also not sufficient to sustain an objection to the Trustee's Final Report.

The Debtor also states that she is being punished, for making a mistake on her original bankruptcy petition.[11] The Court believes the mistake the Debtor is referring to is the fact that she did not list the Lawsuit on her original schedules nor file any amendments thereto before the case was closed. Based on the statements the Debtor made at this hearing and at previous hearings, it appears the Debtor believes that if she had scheduled or listed the Lawsuit, she might have maintained control over the Lawsuit. However, if the Debtor had listed the Lawsuit on her schedules originally, the more likely result would be that the Debtor would have lost control of the Lawsuit several years ago. It was not the mistaken omission of the Lawsuit from the Debtor's schedules that caused the Trustee to take it over. It was the bankruptcy filing itself. The mistake in omitting the Lawsuit from the schedules just delayed this result for several years. Whether the claim against ABM was scheduled or not did not mean it was property of the estate or not. The cause of action against ABM always was property of the estate, even though it was not listed or scheduled. This result today is not a punishment for leaving the Lawsuit off the bankruptcy schedules. This result today is because when the bankruptcy petition was filed, the Lawsuit

---

[10] *See id.*
[11] *Id.*

became part of the bankruptcy estate and was administered by the Trustee in the normal course of business of a chapter 7 trustee.[12]

The Debtor's Objection is not based on any specific items in the Trustee's Final Report itself. Her Objection is based on the totality of the situation, and her desire to regain control of the Lawsuit. While this Objection is clearly important to her, she has not carried her burden to show that the Final Report should not be approved at this time.

Concurrently with this decision, the Court has also issued an order and accompanying memorandum decision that addresses the Debtor's motion to stay certain matters and denies the same. The findings in that memorandum decision are incorporated herein.

**IV.    Conclusion**

For the foregoing reasons, the Court concludes that the Debtor's Objection to the Trustee's Final Report should be OVERRULED; and the Trustee's Final Report should be APPROVED.

The Court will enter the order.

----------------------------------END OF DOCUMENT-----------------------------------

---

[12] *See* § 541(a).

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO RECEIVE NOTICE

Service of the foregoing **MEMORANDUM DECISION REGARDING THE DEBTOR'S OBJECTION TO THE TRUSTEE'S FINAL REPORT** shall be served to the parties and in the manner designated below.

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users:

Stephen Rupp tr    rupptrustee@mbt-law.com

Mark Rose      mrose@mbt-law.com

George Hoffman

United States Trustee    USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Sonia Ordonez
406 East Broadway, #150
Salt Lake City, UT 84111